UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CASEY K. VANSCHAIK, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:21-cv-01118 |
| MOUNTAIN RUN SOLUTIONS, LLC d/b/a PERFECTION COLLECTION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

# COMPLAINT

NOW comes CASEY K. VANSCHAIK ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MOUNTAIN RUN SOLUTIONS, LLC d/b/a PERFECTION COLLECTION, LLC ("Mountain Run"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANSUNION LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff is a natural person over 18 years-of-age residing in Rowlett, Texas, which falls within the Northern District of Texas.

6. Mountain Run "specializes in purchasing non-performing receivables in all industries."[1] Mountain Run identifies itself as a third-party collection agency and is a limited liability company organized under the laws of the state of Utah with its principal place of business located at 313 E 1200 S, Suite 102, Orem, Utah 84058. Mountain Run is in the business of collecting consumer debts for others, and is a furnisher of information to the major credit reporting agencies ("CRAs"), including co-Defendant TransUnion.

7. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[2] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Texas. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

---

[1] https://mountainrunsolutions.com/
[2] https://www.experian.com/corporate/experian-corporate-factsheet.html

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.  TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

## FACTS SUPPORTING CAUSE OF ACTION

9. In approximately early 2021, Plaintiff was checking her credit reports and noticed a Mountain Run trade line ("subject account") appearing on her credit reports.

10. The subject account was said to have originated from a debt said to be owed to Vivint Smart Home ("Vivint"), and was being reported as in collections with a past due balance of $2,535.

11. Plaintiff was extremely concerned and confused by the subject account reporting on her credit reports, as Plaintiff's purported obligation to Vivint was owned by an entity that is not Mountain Run.

12. As such, Mountain Run was incorrectly reporting that it owned the subject account, when in fact that was not the case.

13. Consequently, Plaintiff initiated written credit disputes with TransUnion and Experian on or about March 8, 2021. Specifically, Plaintiff informed TransUnion and Experian of the incorrect information on her credit reports and demanded that Defendants update their reporting to accurately reflect the subject account.

14. Upon information and belief, Mountain Run received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Experian and TransUnion. *See* 15 U.S. Code § 1681i(a)(2).

15. Neither TransUnion nor Experian responded to Plaintiff's March disputes within 30 days of the disputes.

16. Instead, rather than conduct a reasonable investigation into Plaintiff's disputes, TransUnion and Experian simply continued to report the inaccurate trade line, even updating their reporting of the knowingly inaccurate information on April 23, 2021.

17. As such, Experian and TransUnion failed to reasonable investigate Plaintiff's credit dispute within 30 days of Plaintiff's dispute. Specifically, neither Experian nor TransUnion ever provided any response to Plaintiff's credit disputes despite being provided clear information that the subject account was being reported inaccurately.

18. As such, despite having actual knowledge that they were reporting inaccurate information on Plaintiff's credit file, Defendants continued to report the subject debt in an inaccurate manner.

19. The reporting of the Mountain Run trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

20. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and thus a high-risk consumer.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

22. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses,

including the purchase of monthly credit monitoring services through Experian, the loss of credit opportunity, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

23. Due to the conduct of Defendants, Plaintiff was forced to retain counsel, yet again, to correct the inaccuracies in her Experian and TransUnion credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST MOUNTAIN RUN)

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

26. Mountain Run is a "person" as defined by 15 U.S.C. §1681a(b).

27. Mountain Run is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

28. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

29. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Experian and Plaintiff.

30. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

31. Had Mountain Run reviewed the information provided by TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to TransUnion and Experian. Instead, Mountain Run wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

32. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion and Experian.

33. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

34. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion and Experian credit files.

35. Mountain Run failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's TransUnion and Experian credit files within 30 days of receiving notice of the disputes from TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

36. Despite the blatantly obvious errors in Plaintiff's TransUnion and Experian credit files, and Plaintiff's efforts to correct the errors, Mountain Run did not correct the errors or trade line to report accurately. Instead, Mountain Run wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

37. A reasonable investigation by Mountain Run would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's TransUnion and Experian credit files.

38. Had Mountain Run taken steps to investigate Plaintiff's valid disputes or TransUnion's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

39. By deviating from the standards established by the debt collection industry and the FCRA, Mountain Run acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion and Experian.

WHEREFORE, Plaintiff, CASEY K. VANSCHAIK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Mountain Run to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

40. Plaintiff restate and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

42. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

43. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

44. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

45. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

46. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

47. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

48. Plaintiff provided Experian with all relevant information in her March request for investigation to reflect the inaccurate reporting of the subject account.

49. Experian failed to respond and reasonably investigate Plaintiff's dispute, instead preparing Plaintiff's credit reports containing inaccurate and materially misleading information stemming from the inaccurate reporting of the subject account.

50. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

51. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

52. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Mountain Run. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Mountain Run regarding Plaintiff's dispute that Experian received from Plaintiff.

53. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

54. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

55. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Mountain Run that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

56. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Mountain Run trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

57. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

58. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

59. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

60. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

61. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

62. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put Experian on notice as to the inaccurate information contained within her credit files.

63. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

64. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, CASEY K. VANSCHAIK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

    g.  Award any other relief as this Honorable Court deems just and appropriate.

**COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST TRANSUNION)

65. Plaintiff restates and realleges paragraphs 1 through 64 as though fully set forth herein.

66. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

67. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

68. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

69. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

70. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

71. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

72. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

73. Plaintiff provided TransUnion with all relevant information in her March request for investigation to reflect that the subject account was being reported inaccurately.

74. TransUnion failed to respond and investigate the nature of Plaintiff's dispute, instead preparing Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account in an incorrect and erroneous manner.

75. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

76. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

77. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Mountain Run. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Mountain Run regarding Plaintiff's dispute that TransUnion received from Plaintiff.

78. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

79. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

80. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Mountain Run that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

81. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Mountain Run trade line as delinquent and with a balance due would have a

significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

82. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

83. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

84. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

85. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

86. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

87. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff notified TransUnion of the inaccurate nature of such information.

88. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

89. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, CASEY K. VANSCHAIK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: May 18, 2021                                         Respectfully submitted,

s/ Nathan C. Volheim                                        s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                            Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                       Counsel for Plaintiff
Admitted in the Northern District of Texas                  Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                     Lombard, Illinois 60148
(630) 568-3056 (phone)                                      (331) 307-7648 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                    ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com